ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| | | |
|---|---|---|
| **VELATURA HIE CORP.,**<br><br>**INTERVOICE COMMUNICATION OF PR, INC.**<br><br>Recurrente<br><br>v.<br><br>**DEPARTAMENTO DE SALUD**<br><br>Recurrido | KLRA202400511<br><br>Consolidado con<br><br>KLRA202400532 | **REVISIÓN** procedente del **Departamento de Salud, División de Vistas Administrativas**<br><br>Revisión Núm.: **DS-SUB-2024-07-15-006**<br><br>Sobre: Solicitud de Reconsideración 2024-PRMP-MES-001: Health Information Exchange Operations and Technical Services |

Panel integrado por su presidenta, la Jueza Ortiz Flores, la Jueza Aldebol Mora y la Jueza Boria Vizcarrondo.

Boria Vizcarrondo, Jueza Ponente.

## SENTENCIA

En San Juan, Puerto Rico, a 20 de diciembre de 2024.

Comparece ante nos, mediante *Recurso de Revisión Judicial* (KLRA202400511) presentado el 16 de septiembre de 2024, Intervoice Communication of Puerto Rico, Inc. (Intervoice) y nos solicita que revoquemos el *Award Notification Health Information Exchange (HIE) Operations and Technical Services 2024-PRMP-MES-HIE-001* (*Notice of Award*) emitida el 1 de julio de 2024 por el Departamento de Salud de Puerto Rico, Puerto Rico Medicaid Program (PRMP).[1] Mediante *el Notice of Award,* el PRMP aceptó la recomendación del Comité de Evaluación y Selección y adjudicó el *Request for Proposal 2024-PRMP-MES-HIE-001* (*RFP*)[2] a Kansas

---

[1] Apéndice de *Recurso de Revisión Judicial*, Anejo VIII, págs. 675-695. Notificada y archivada en autos el 1 de julio de 2024.
[2] *Íd.*, Anejo II, págs. 2-162.

Health Information Network, Inc., dba KONZA National Network (KONZA).

Posteriormente, el 27 de septiembre de 2024, compareció ante nos, mediante *Petition for Judicial Review of Administrative Decision* (KLRA202400532), Velatura HIE Corp. (Velatura), y también impugnó la adjudicación del RFP a favor de KONZA. Por recurrir de la misma determinación, el 3 de octubre de 2024, este Tribunal ordenó la consolidación del caso.

Por los fundamentos que discutiremos a continuación, desestimamos los recursos presentados por ser prematuros.

**I.**

El 9 de enero de 2024, el "Puerto Rico Medicaid Program Health Information Exchange (HIE) Operations and Technical Services" publicó el *RFP*[3] mediante el cual invitó a que los licitadores interesados sometieran ofertas sobre servicios profesionales consistentes en operar el "Puerto Rico's Health Information Exchange" (PRHIE), servicio que coloca la información de salud del paciente a disposición de médicos, enfermeras, hospitales y organizaciones o proveedores de cuidado de la salud de manera electrónica cuando sea necesario para atender al paciente.[4]

En total, once (11) licitadores presentaron ofertas, las cuales fueron evaluadas basado en un sistema de puntos por un Comité nombrado por el Departamento de Salud de Puerto Rico.[5] Los siguientes licitadores fueron rechazados antes de pasar a la evaluación final: MedicaSoft, LLC, Velatura HIE, Corp. y Vicerion.[6] Los licitadores que fueron considerados por el Comité evaluador fueron: Abartys Health, LLC, Centralis Health, Conduent Business

---

[3] *Íd.*
[4] *Íd.*, Anejo I, pág. 1.
[5] *Íd.*, Anejo VIII, pág. 675.
[6] *Íd.*, págs. 677-679.

Solutions of Puerto Rico, Inc., Ellkay, LLC, Intervoice, KONZA, Secure Health Information Technology Corp. y 3500 SQUARE, LLC.[7]

El *RFP* disponía las razones por las cuales PRMP podía descualificar a un licitador. La Sección 3.10 del *RFP* disponía que:

> **3.10 The PRMP Right of Rejection**
>
> Subject to applicable laws and regulations, **the PRMP reserves the right to reject, at its sole discretion, any and all responses**.
>
> The PRMP will reject any response that does not meet the mandatory specifications listed in **Attachment E: Mandatory Specifications**.
>
> **The PRMP may deem as non-responsive and reject any response that does not comply with all terms, conditions, and performance requirements of this RFP**. Notwithstanding the foregoing, the PRMP reserves the right to waive, at its sole discretion, minor variances from full compliance with this RFP. If the PRMP waives variances in a response, such waiver shall not modify the RFP requirements or excuse the vendor from full compliance, and the PRMP may hold any resulting vendor to strict compliance with this RFP.[8]

Sobre la descualificación de Velatura, el *Notice of Award* determinó que Velatura no cumplió con las especificaciones obligatorias del *RFP*.[9] El *RFP* requería que los licitadores pudiesen cumplir según "*Service-Level Agreements*" aprobados y métricas asociadas. Con relación a este requisito obligatorio, Velatura contestó "no" a la pregunta "*Vendor meets requirments Y/N?*". La Sección 5.4 del RFP disponía que:

> **5.4 Failure to Meet Mandatory Specifications**
>
> Vendors must pass (meet or exceed) all mandatory specifications outlined in **Attachment E: Mandatory Specifications** for the rest of their proposal to be scored against the technical requirements of this RFP. **Proposals failing to meet one or more mandatory specifications of this RFP may be disqualified and may not have the remainder of their technical or cost proposals evaluated**.[10]

---

[7] *Íd.*, págs. 679-687.
[8] *Íd.*, Anejo II, pág. 18. (Énfasis nuestro y en la original).
[9] *Íd.*, pág. 678.
[10] *Íd.*, Anejo II, pág. 38. (Énfasis nuestro y en la original).

Por lo tanto, PRMP determinó que Velatura incumplió con una especificación obligatoria del *RFP*.[11] Además, con relación a si el licitador pudiese cumplir con los reglamentos federales y puertorriqueños necesarios para apoyar los servicios requeridos por el *RFP*, Velatura contestó que "sí", pero dispuso que necesitaba más tiempo para evaluar cuáles eran los reglamentos aplicables. No aclaró cuanto tiempo requería ni como esto afectaría su calendario propuesto. Por lo tanto, PRMP consideró su respuesta como "no responsiva" conforme al tercer párrafo de la Sección 3.10 del *RFP*.[12]

Tras un análisis de las propuestas sometidas y evaluadas, basado en el sistema de puntos desarrollado, KONZA, Intervoice y Conduent obtuvieron las puntuaciones más altas, en orden descendiente; KONZA obtuvo una puntuación total de 826/1050, Intervoice obtuvo 730/1050 y Conduent obtuvo 712/1050.[13] A base de su puntuación y otros factores considerados, el Comité recomendó adjudicar la subasta a favor de KONZA. Añadió que, si PRMP no logra negociar un contrato con KONZA, la agencia deberá proceder con el licitador con la próxima puntuación más alta y así sucesivamente, hasta lograr un contrato.[14]

En cuanto al término para solicitar la reconsideración, el *Notice of Award* dispuso que los licitadores adversamente afectados por la determinación tendrían diez (10) días laborables para solicitar la reconsideración.[15] El 15 y 16 de julio de 2024, Velatura[16] e Intervoice,[17] respectivamente, presentaron mociones de

---

[11] *Íd*., Anejo VIII, pág. 678.
[12] *Íd.*
[13] *Íd*., pág. 692.
[14] *Íd*., pág. 693.
[15] La Sección 3.19 de la LPAU fue enmendada dos veces en el 2024. La primera vez fue el 19 de febrero de 2024, mediante la Ley Núm. 48-2024 para disponer que el término para solicitar la reconsideración de un proceso de subasta sería de diez (10) días laborables. La segunda enmienda ocurrió el 12 de agosto de 2024, en virtud de la Ley Núm. 153-2024, para disponer que el término sería diez (10) días *calendarios*.
[16] Apéndice, *supra*, Anejo IX, págs. 696-701.
[17] *Íd*., Anejo X, págs. 702-714.

reconsideración ante la División de Vistas Administrativas del Departamento de Salud de Puerto Rico.

Además, el *Notice of Award* incluyó un aviso informando a las partes de su derecho a presentar, ante el Tribunal de Apelaciones, un recurso de revisión judicial dentro del término de veinte (20) días a partir de la notificación de la determinación. Dicho aviso se fundamentó en la Sección 4.2 de la LPAU, *supra*, y dispone lo siguiente:

> Any person or party adversely affected by a final reconsideration or decision may file a petition for review with the Puerto Rico Court of Appeal within a term of **twenty (20) business days** of such final decision or determination being filed. See **3 LPRA § 9672.**[18]

El 25 de julio de 2024, KONZA solicitó permiso para intervenir en el proceso de reconsideración.[19] Arguyó que tenía intereses sustanciales en el proceso adjudicativo y que estaba señalado específicamente por los escritos de las partes. Además, que su intervención permitiría que este contribuya con información que de otra manera no sería incluida, sin dilatar los procedimientos innecesariamente. El 28 de julio de 2024, Velatura se opuso a la intervención, alegando que KONZA no proveyó prueba para justificar su intervención al amparo de la Sección 3.5 de la LPAU, *supra*.[20] Tras otros trámites, el 8 de agosto de 2024, la División de Vistas Administrativas permitió la intervención de KONZA,[21] por tanto esta presentó un *Response in Opposition to Intervoice's and Velatura's Motions for Reconsideration.*[22]

Con el beneficio de las posturas de las partes, el 28 de agosto de 2024, la División de Vistas Administrativas emitió una *Resolución* en la que declaró Sin Lugar las mociones de reconsideración.[23] No

---

[18] *Íd*., pág. 694. (Énfasis nuestro).
[19] *Íd*., Anejo XIII, págs. 719-720.
[20] *Íd*., Anejo XIV, págs. 721-722.
[21] *Íd*., Anejo XVII, págs. 727-728.
[22] *Íd*., Anejo XXIII, págs. 766-779.
[23] *Íd*., Anejo XXVIII, págs. 804-821.

viendo error en Derecho que justifique la revocación de la adjudicación del *RFP*, la División de Vistas Administrativas le dio entera deferencia al conocimiento especializado del PRMP y al Departamento de Salud de Puerto Rico en asuntos relacionados al manejo del Programa Medicaid en Puerto Rico. Finalmente, les informó a las partes que:

> La parte adversamente afectada por esta Resolución podrá presentar un recurso de revisión judicial ante el Tribunal de Apelaciones **dentro del término de veinte (20) días** contados a partir de la fecha del archivo en autos de la copia de esta Resolución, en virtud de la Ley de Procedimiento Administrativo Uniforme del Gobierno de puerto Rico, Ley Núm. 38 de 30 de junio de 2017, según enmendada, (**3 L.P.R.A. §9672**). La mera presentación de una solicitud de revisión ante el Tribunal de Apelaciones no tendrá el efecto de paralizar la adjudicación de la subasta.[24]

Así las cosas, el 16 de septiembre de 2024, Intervoice presentó un *Recurso de Revisión Judicial*. En el referido recurso apelativo, Intervoice presentó los siguientes señalamientos de error:

> **ERRÓ EL DEPARTAMENTO DE SALUD AL NO ELIMINAR A KONZA COMO LICITADOR POR NO CUMPLIR CON LOS REQUISITOS MANDATORIOS, ENTRE OTROS REQUISITOS; MÁXIME AL HABER ELIMINADO A OTROS DOS (2) LICITADORES POR INCUMPLIR CON LOS MISMOS REQUISITOS MANDATORIOS DEL RFP 2024-PRMP-MES-HIE-001.**
>
> **ERRÓ EL DEPARTAMENTO DE SALUD AL PERMITIR A KONZA ENTRAR COMO PARTE INTERVENTORA EN EL CASO DS-SUB-2024-07-15-006.**
>
> **ERRÓ EL DEPARTAMENTO DE SALUD AL PERMITIRLE A KONZA ENMENDAR SU PROPUESTA Y ASÍ ADELANTAR Y ASEGURAR SUS FINES, POSTERIOR A LA NOTIFICACIÓN DE "AWARD NOTIFICATION HEALTH INFORMATION EXCHANGE (HIE) OPERATIONS AND TECHNICAL SERVICES 2024-PRMP-MES-HIE-001" DE MANERA CONTRARIA A DERECHO Y A NUESTRO ORDENAMIENTO JURÍDICO, VÍA LOS DOCUMENTOS RADICADOS [EN] EL CASO NÚMERO DS-SUB-2024-07-15-006.**
>
> **ERRÓ EL DEPARTAMENTO DE SALUD AL NO NOTIFICARLE A LA REPRESENTACIÓN LEGAL DE INTERVOICE, LA RESOLUCIÓN EMITIDA EL DÍA 28 DE AGOSTO DE 2024. EL DEPARTAMENTO DE**

---

[24] *Íd.*, pág. 820. (Énfasis nuestro).

**SALUD LE NOTIFICÓ A LAS PARTES PERO OMITIÓ A LA REPRESENTACIÓN LEGAL.**
**LA LEY NÚM. 38-2017, SUPRA, 3 LPRA SEC. [9654], SEGÚN ENMENDADA, EN SU SECCIÓN [3.14] DISPONE: "...LA AGENCIA DEBERÁ NOTIFICAR CON COPIA SIMPLE POR CORREO ORDINARIO O ELECTRÓNICO A LAS PARTES, Y A SUS ABOGADOS DE TENERLOS, LA ORDEN O RESOLUCIÓN A LA BREVEDAD POSIBLE..." (ÉNFASIS SUPLIDO).**

**ERRÓ EL DEPARTAMENTO DE SALUD AL NO TENER UN EXPEDIENTE OFICIAL COMPLETO CON TODA LA DOCUMENTACIÓN CORRESPONDIENTE AL RFP 2024-PRMP-MES-HIE-001.**

**ERRÓ EL DEPARTAMENTO DE SALUD AL NO DARLE SERIA CONSIDERACIÓN A LOS REPAROS Y RECOMENDACIONES EXPRESADAS POR BERRYDUNN, COMPAÑÍA CONTRATADA PARA ASESORAR AL DEPARTAMENTO DE SALUD PROGRAMA DE MEDICAID.**

Posteriormente, el 27 de septiembre de 2024, Velatura presentó un *Petition for Judicial Review of Administrative Decision*. Ante la presentación del recurso de Velatura, el 23 de octubre de 2024, KONZA presentó una *Solicitud de Desestimación* en la que alegó que el referido recurso apelativo fue presentado tardíamente. En resumidas cuentas, alegó que el recurso de revisión judicial de Velatura fue presentado diez (10) días después de haberse vencido el término de veinte (20) días para comparecer ante el Tribunal de Apelaciones.

El 4 de noviembre de 2024, Velatura presentó una *Oposición a Moción de Desestimación*. En su argumento, sostuvo que el Tribunal de Apelaciones carecía de jurisdicción para atender el recurso, pero no por los fundamentos presentados por KONZA, sino por el recurso ser prematuro. Alegó que el aviso informando a las partes de su derecho a apelar al Tribunal de Apelaciones fue deficiente, por tanto, el término para apelar no ha comenzado a decursar. En particular, arguyó que la *Resolución* dispone de un término de veinte (20) días, fundamentándose en la Sección 4.2 de la LPAU (3 LPRA sec. 9672).

Velatura arguyó que la Sección 4.2 dispone de un término general de treinta (30) días para apelar las determinaciones de las agencias y entidades administrativas. Alegaron que a modo de excepción, cuando la parte adversamente afectada recurre de una determinación emitida por la Junta Revisora de Subastas de la Administración de Servicios Generales (Junta Revisora de Subastas de la ASG), el término para apelar será de veinte (20) días. Por lo tanto, al no recurrirse de una determinación de la Junta Revisora de Subastas, el término para apelar debió haber sido uno de treinta (30) días. Ante este escenario, Velatura arguyó que, "o el Aviso dispone el plazo incorrecto o el Aviso hace referencia a la disposición legal incorrecta. Cualquiera de esas dos que sea el defecto del cual adolece el Aviso, a lo mínimo, viola el debido proceso de ley de los proponentes participantes […]".[25]

Ante esto, el 16 de diciembre de 2024, el Departamento de Salud presentó un *Alegato Consolidado del Gobierno de Puerto Rico*. Atendiendo el señalamiento jurisdiccional presentado por Velatura, el Departamento de Salud en primer lugar reconoció que "es conocido que no existe una ley que regule con uniformidad la subasta formal […]".[26] Posteriormente arguyó que:

> Así, y en o pertinente, la **Sección 3.19 de la LPAUG, 3 LPRA sec. 9659**, dispone todo lo relacionado al procedimiento y término que tiene una parte, que ha sido afectada en un proceso de adjudicación de subasta o RFP, para solicitar la reconsideración o revisión administrativa de dicho dictamen, de entenderlo necesario.[27]

Alegó que el término para solicitar la revisión judicial de un procedimiento de licitación pública dispuesto en la Sección 3.19 de la LPAU, *supra*, era de veinte (20) días calendarios, al igual que lo

---

[25] *Oposición a Moción de Desestimación*, presentada el 4 de noviembre de 2024 por Velatura, pág. 4.
[26] *Alegato Consolidado del Gobierno de Puerto Rico*, presentado el 16 de diciembre de 2024 por el Departamento de Salud, pág. 16.
[27] *Íd.*, pág. 17.

dispuesto en la Sección 4.2 para la revisión de órdenes y resoluciones de la Junta Revisora de Subastas de la ASG.

El 18 de diciembre de 2024, Intervoice presentó una *Moción en Auxilio de Jurisdicción* en la que solicitó la paralización de los procedimientos. Con el beneficio de la comparecencia de las partes, nos encontramos en posición de determinar nuestra jurisdicción antes de entrar en los méritos de los recursos presentados.

## II.

## A.

Sabido es que los tribunales de Puerto Rico solamente pueden afectar los derechos de las partes y adjudicar las controversias sobre las cuales tienen jurisdicción. "En el ordenamiento jurídico puertorriqueño, jurisdicción significa la potestad de aplicar las leyes en asuntos civiles y criminales, declarando, juzgando y haciendo ejecutar lo juzgado". R. Hernández Colón, *Práctica Jurídica de Puerto Rico: Derecho procesal civil*, 6a ed. rev., Puerto Rico, LexisNexis de Puerto Rico, 2017, pág. 33. En ese sentido, la jurisdicción es "el poder o autoridad de un tribunal para considerar y decidir casos o controversias". *Gearheart v. Haskell Burress*, 87 DPR 57, 61 (1963).

Ahora bien, la jurisdicción no es un concepto único, por tanto, se manifiesta de distintas formas. Entre estas, tanto el Tribunal Supremo federal como el Tribunal Supremo de Puerto Rico han distinguido entre la jurisdicción sobre la persona y la jurisdicción sobre la materia. De particular relevancia al caso de autos es la jurisdicción sobre la materia. La jurisdicción sobre la materia "se define como la capacidad del Tribunal para atender y resolver una controversia sobre un aspecto legal". *Beltrán Cintrón et al. v. ELA et al.*, 204 DPR 89, 101 (2020). La misma se concede por ley, por tanto, el Estado es la única entidad que puede privar a un tribunal de esta jurisdicción. Contrario a la jurisdicción sobre la persona, la falta de jurisdicción sobre la materia podrá ser levantada en cualquier etapa

de los procedimientos. Su falta acarrea las siguientes consecuencias:

> (1) no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente conferírsela a un tribunal como tampoco puede éste arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso, y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal motu proprio.

*Íd.*, págs. 101-102.

**B.**

El concepto de la justiciabilidad agrupa una serie de doctrinas particulares que tratan sobre los atributos necesarios que un asunto debe poseer para que un tribunal de justicia pueda atenderlo y resolverlo en los méritos como parte de su función judicial. J.M. Farinacci Fernós, *La justiciabilidad en Puerto Rico*, 1ª ed. rev., San Juan, Interjuris, 2024, pág. 19. Entre las doctrinas de justiciabilidad reconocidas, nos encontramos ante una alegada falta de madurez. Cuando un tribunal determina que una controversia no es justiciable, lo procedente, por lo general, es la desestimación inmediata del pleito. *Ortiz v. Panel F.E.I.*, 155 DPR 219, 252 (2001). No obstante, "[e]n determinadas ocasiones, la desestimación de un pleito o la abstención en cuanto un asunto procede como medida de autolimitación y discreción judicial". J.M. Farinacci Fernós, *op. cit.*, pág. 54.

La madurez es una doctrina cuyo análisis se basa en la temporalidad de la acción judicial. *Íd.*, pág. 171. La doctrina de la madurez se enfoca en si la controversia planteada esta lista para ser adjudicada. Dicho análisis se enfoca en las circunstancias de la controversia presentada y conlleva un análisis dual que consiste en determinar: (1) si la controversia sustantiva es apropiada para la resolución judicial; y, (2) si el daño es suficiente para requerir la

adjudicación. *Romero Barceló v. E.L.A.*, 169 DPR 460, 470 (2006). En cuanto a la ocurrencia del daño, la madurez no requiere que este ya haya ocurrido. "Todo lo que se necesita para asegurar que un caso esté maduro es que el evento contemplado [...] con toda probabilidad va a ocurrir". *Com. Asuntos de la Mujer v. Srio. de Justicia*, 109 DPR 715, 723 (1980).

Otro aspecto de la doctrina de madurez es que un caso se presente ante el foro revisor en el término correcto. Es decir, una parte no podrá solicitar la revisión de una determinación cuando no se le ha reconocido aún dicha facultad. En el caso de la revisión judicial, es imprescindible que las partes cumplan rigurosamente con los requisitos dispuestos por la LPAU previa la presentación de una apelación, puesto que estos son requisitos jurisdiccionales. *COSVI v. CRIM*, 193 DPR 281 (2015).

Un defecto jurisdiccional que impide la revisión judicial es la notificación deficiente de una decisión emitida en un procedimiento adjudicativo. *Metro Senior v. AFV*, 209 DPR 203 (2022); *Román Ortiz v. OGPe*, 203 DPR 947 (2020). "La debida notificación constituye un componente indispensable del debido proceso de ley y su incumplimiento constituye un defecto jurisdiccional". J.A. Echevarría Vargas, *Derecho administrativo puertorriqueño*, 5a ed. rev., San Juan, Ed. SITUM, 2023, pág. 268.

En el caso particular de la revisión judicial de procesos de licitación pública, nuestro Tribunal Supremo ha determinado que:

> Como en las órdenes y sentencias de los tribunales y las determinaciones de las agencias administrativas, la correcta y oportuna notificación de una adjudicación de una Junta de Subastas es un requisito sine qua non de un ordenado sistema cuasijudicial y su omisión puede conllevar graves consecuencias. Así, la notificación defectuosa priva de jurisdicción al foro revisor para entender sobre el asunto impugnado. Lo anterior tiene el efecto de que el recurso que se presente ante un tribunal de mayor jerarquía sería prematuro.
>
> *PR Eco Park et al. v. Mun. de Yauco*, 202 DPR 525, 538 (2019).

Ahora bien, el mero hecho de que la agencia le informe a las partes de la determinación tomada no cumple con el requisito de notificación que garantiza el debido proceso de ley. Como parte del debido proceso de ley, la parte adversamente afectada tiene el derecho a solicitar la revisión del dictamen administrativo ante los tribunales. Así ha resuelto el Tribunal Supremo que "el derecho a cuestionar la determinación de una agencia mediante revisión judicial es parte del debido proceso de ley protegido por la constitución de Puerto Rico. Por lo tanto, constituye un requisito indefectible la adecuada notificación de cualquier determinación de una agencia que afecte los intereses propietarios de un ciudadano". *Picorelli López v. Depto. de Hacienda*, 179 DPR 720, 769 (2010).

En *Dávila Pollock et als v. R.F. Mortgage*, 182 DPR 86 (2011), el Tribunal Supremo resolvió que, "al no advertirle a las partes del término que disponen para ejercer su derecho de apelación, la notificación emitida mediante el formulario incorrecto sería catalogada como defectuosa y el término para apelar no comenzaría a transcurrir". *Íd.*, pág. 96. Dicho de otra manera, la falta de notificación del término para apelar, o la notificación de un término erróneo, afecta los derechos de las partes a solicitar la revisión judicial. Por lo tanto, no comienza a transcurrir el término para apelar.

Finalmente, sobre el término de revisión judicial, nuestro Tribunal Supremo ha resuelto que, al tratarse de un término jurisdiccional, "[c]ontrario a un término de cumplimiento estricto, el término jurisdiccional es fatal, improrrogable e insubsanable, **rasgos que explican por qué no puede acortarse**, como tampoco es susceptible de extenderse". *Martínez, Inc. v. Abijoe Realty Corp.*, 151 DPR 1, 7 (2000). (Énfasis nuestro). Por lo tanto, una agencia no

podrá acortar el término dispuesto en la LPAU para recurrir en revisión judicial.

## C.

La LPAU, *supra*, contiene las disposiciones que guían el proceso de revisión judicial en los casos provenientes de las agencias del Gobierno de Puerto Rico. En particular, las Secciones 3.19 y 4.2 de la LPAU contienen los términos para presentar los recursos ante el Tribunal de Apelaciones.

En lo pertinente, la Sección 3.19 dispone que:

> La parte adversamente afectada tendrá un término jurisdiccional de **veinte (20) días calendario** para presentar un recurso de revisión judicial ante el Tribunal de Apelaciones, contados a partir del depósito en el correo federal o de remitida la determinación por correo electrónico, lo que ocurra primero, ya sea de la adjudicación de la solicitud de revisión administrativa **ante la Junta Revisora de Subastas de la Administración de Servicios Generales**, o cuando venza el término que tenía **la Junta Revisora de Subastas de la Administración de Servicios Generales** para determinar si acogía o no la solicitud de revisión administrativa.

*Íd.*, Sección 3.19. (Énfasis nuestro).

Por otro lado, la Sección 4.2 de la LPAU dispone que:

> **Una parte adversamente afectada por una orden o resolución final de una agencia** y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente podrá presentar una solicitud de revisión judicial ante el Tribunal de Apelaciones, dentro de un término de **treinta (30) días** contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia o a partir de la fecha aplicable de las dispuestas en la Sección 3.15 de esta Ley cuando el término para solicitar la revisión judicial haya sido interrumpido mediante la presentación oportuna de una moción de reconsideración. La parte notificará la presentación de la solicitud de revisión a la agencia y a todas las partes dentro del término para solicitar dicha revisión. La notificación podrá hacerse por correo. Si la fecha de archivo en autos de copia de la notificación de la orden o resolución final de la agencia o del organismo administrativo apelativo correspondiente es distinta a la del depósito en el correo de dicha notificación, el término se calculará a partir de la fecha del depósito en el correo.

> **En los casos de impugnación de procesos de licitación pública, la parte adversamente afectada por una orden o resolución final de la Junta Revisora de Subastas de la Administración de Servicios Generales** podrá presentar una solicitud de revisión judicial ante el Tribunal de Apelaciones dentro de un término de **veinte (20) días** calendario contados a partir del archivo en autos de la copia de la notificación de la orden o resolución final de la Junta Revisora de Subastas de la Administración de Servicios Generales o dentro del término de veinte (20) días calendario de haber transcurrido el plazo dispuesto por la Sección 3.19 de esta Ley. La mera presentación de una solicitud de revisión al amparo de esta Sección no tendrá el efecto de paralizar la adjudicación del proceso de licitación pública impugnado.

LPAU, *supra*, Sección 4.2. (Énfasis nuestro).

Una lectura conjunta de ambas Secciones señala la existencia de dos (2) términos para recurrir ante el Tribunal de Apelaciones, dependiendo de las circunstancias aplicables. En primer lugar, una parte adversamente afectada por una determinación de la Junta Revisora de Subastas de la ASG tiene veinte (20) días para recurrir ante este Tribunal. Por otro lado, cuando una parte recurre de una determinación **no proveniente de la Junta Revisora Subastas de la ASG**, esta tendrá el término de treinta (30) días para presentar el recurso de revisión ante este Tribunal. Los textos de las Secciones 3.19 y 4.2 de la LPAU son claros y libres de ambigüedades, por lo que no permiten otra conclusión.

### III.

En el caso de autos, Velatura nos ha solicitado que desestimemos el caso por falta de jurisdicción, puesto que alegó que la notificación del derecho de las partes adversamente afectadas por la *Resolución* emitida el 28 de agosto de 2024 fue notificada erróneamente. Arguyó que la notificación deficiente afectó el debido proceso de ley de las partes, impidió que comenzara a transcurrir el término para apelar y resultó en que los recursos judiciales presentados fuesen prematuros. Como explicaremos en adelante,

estamos de acuerdo con la postura de Velatura, por tanto, procede la desestimación.

La *Resolución* de la División de Vistas Administrativas contiene un aviso advirtiéndole a las partes de sus derechos a solicitar la revisión judicial de la determinación ante el Tribunal de Apelaciones. Haciendo alusión a la Sección 4.2 de la LPAU, *supra*, la *Resolución* establece que el término para presentar la revisión será de veinte (20) días. No obstante, al revisar el texto de la Sección 4.2 de la LPAU, *supra*, surge que el término de veinte (20) días que dispone aquel inciso aplica únicamente a la revisión judicial de las órdenes o resoluciones de la Junta Revisora de Subastas de la Administración de Servicios Generales. Por otro lado, la Sección 4.2 de la LPAU, *Íd.*, dispone de un término de treinta (30) días para solicitar la revisión judicial de una orden o resolución de una agencia en general. Nos encontramos ante dos términos, uno aplicable de forma general a las agencias y otro limitado a las determinaciones de la Junta Revisora de Subastas de la ASG.

No hay controversia en que la determinación de la cual se recurre fue emitida por la División de Vistas Administrativas del Departamento de Salud de Puerto Rico y no por la Junta Revisora de Subastas de la ASG. Por lo tanto, es incorrecto concluir que le es de aplicación el término de veinte (20) días que dispone específicamente la Sección 4.2 de la LPAU. *Íd.* **Al tratarse de una determinación emitida por una agencia, el término aplicable para solicitar la revisión judicial ante el Tribunal de Apelaciones es el de treinta (30) días dispuesto por la Sección 4.2 de la LPAU**.

Por otro lado, el Departamento de Salud nos invita a considerar la Sección 4.2 de la LPAU con la Sección 3.19 de la LPAU, *Íd.*, que dispone de un término de veinte (20) días para la revisión judicial de los procedimientos de licitación pública en general. Dicho argumento es incorrecto. Como ya hemos señalado, al igual que la

Sección 4.2, el término de veinte (20) días que dispone la Sección 3.19 de la LPAU es únicamente aplicable a la apelación de determinaciones provenientes de la Junta Revisora de Subastas de la ASG. Por otro lado, el defecto en la notificación no puede ser subsanado por los argumentos de las partes en los procedimientos ante este Tribunal, por lo que es la agencia que emitió la determinación la que debe subsanar cualquier error en la notificación.

Debemos recordar que estamos ante un asunto constitucional, el debido proceso de ley, que requiere que las entidades gubernamentales cumplan estrictamente con: (1) la notificación adecuada del proceso; (2) el proceso ante un juez imparcial; (3) la oportunidad de ser oído; (4) el derecho a contrainterrogar a los testigos y examinar la evidencia presentada en su contra; (5) tener asistencia de un abogado, y (6) que la decisión se base en el expediente. *PVH Motor v. ASG*, 209 DPR 122, 131 (2022). Como parte de una notificación adecuada, la parte adversamente afectada por la determinación debe ser notificada de su derecho a solicitar la revisión judicial, de modo que lo pueda ejercer. Cuando la notificación es deficiente, como ha ocurrido en el caso de autos, no comenzará a transcurrir el término para presentar recursos ante este Foro.

Finalmente, al evaluar la totalidad del expediente, surge que la deficiencia en la notificación no ocurre únicamente en la *Resolución* del 28 de agosto de 2024. La notificación emitida en el *Notice of Award* del 1 de julio de 2024 también dispone erróneamente que las partes podrán recurrir ante el Tribunal de Apelaciones dentro del término de veinte (20) días, conforme a la Sección 4.2 de la LPAU, *supra.* Los tribunales tienen el deber de auscultar su propia jurisdicción, incluso cuando la falta de la misma no se ha levantado por ninguna de las partes. Por otro lado, la falta

de jurisdicción en este caso no es susceptible de ser subsanada y puede ser presentada en cualquier etapa del procedimiento. En consecuencia, **resolvemos que, al *Notice of Award* haberse notificado deficientemente, toda determinación emitida posteriormente se realizó sin jurisdicción, al no haber comenzado a transcurrir el término para presentar reconsideración o apelación ante este Foro**. Para que comiencen a decursar los términos dispuestos en la LPAU, el Departamento de Salud debe volver a notificar el *Notice of Award,* advirtiéndole a las partes del término correcto para presentar un recurso de revisión judicial ante este Tribunal. En cuanto a la *Moción en Auxilio de Jurisdicción* presentada por Intervoice, resolvemos No Ha Lugar.

### IV.

Por los fundamentos discutidos, se desestiman los recursos presentados por prematuros.

Lo acordó y manda el Tribunal y lo certifica la Secretaria.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones